UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLSON NUNES,

                         Petitioner,

v.                                                      9:20-CV-1516
                                                           (GTS/DJS)

JAMES JOHNSON, Supt., Green Haven Corr. Fac.,

                         Respondent.
_____

APPEARANCES:                                                    OF COUNSEL:

CARLSON NUNES, 16-A-1722
  Petitioner, *Pro Se*
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458

HON. LETITIA A. JAMES                                   PRISCILLA I. STEWARD, ESQ.
Attorney General for the State of New York            Assistant Attorney General
  Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this habeas corpus proceeding filed by Carlos Nunes ("Petitioner") pursuant to 28 U.S.C. § 2254, is United States Magistrate Judge Daniel J. Stewart Report-Recommendation recommending that the Petition be denied and dismissed, and that a certificate of appealability not issue. (Dkt. No. 23.) Petitioner has filed Objections to the Report-Recommendation (after having been granted an extension of time in which to do so), and Respondent has filed his response to those Objections. (Dkt. Nos. 26, 27.) In addition, Petitioner has filed two replies to Respondent's response (which the Court has accepted out of

special solicitude to Petitioner, even though he neither sought nor obtained prior leave to do so). (Dkt. Nos. 28, 29.) For the reasons set forth below, Magistrate Judge Stewart's Report-Recommendation is accepted and adopted in its entirety, the Petition is denied and dismissed, and a certificate of appealability shall not issue.

I.      RELEVANT BACKGROUND

Because this Decision and Order is intended primarily for the review of the parties, the Court will not repeat the factual background of Petitioner's 2016 conviction, the nature of Petitioner's five habeas corpus claims, and the findings of fact and conclusions of law rendered by Magistrate Judge Stewart, but will respectfully refer the reader to Petitioner's Petition and the relevant portions of the Report-Recommendation. (*See* Dkt. No. 1, at "Grounds One-Five"; Dkt. No. 23, at Parts I and III.)

Generally, in his Objections to the Report-Recommendation, Petitioner asserts three arguments: (1) Magistrate Judge Stewart erred in finding that Petitioner's fifth claim (alleging that the trial court improperly failed to discharge "grossly unqualified" sworn jurors) was unexhausted, because Petitioner's trial counsel preserved that issue during trial by objecting to the trial court's determination that the jurors in question were not grossly unqualified to continue their jury service (and because it was simply unreasonable for the trial court not to discharge the jurors based on their lack of assurance to the court that they could remain fair and impartial); (2) Magistrate Judge Stewart erred in finding that Petitioner's second claim (alleging the prosecutor misstated both facts and the law, and improperly shifted the burden of proof, during his closing argument) does not warrant habeas relief, because (a) the prosecutor has a duty not to misstate the facts or law (or mischaracterize the burden of proof), and (b) the prosecutor's misstatements

during summation were prejudicial and deprived Petitioner of his constitutional right to a fair trial; and (3) Magistrate Judge Stewart erred in finding that Petitioner's third claim (alleging that the judgment of conviction must be reversed because it was unsupported by legally sufficient evidence) does not warrant habeas relief, because the evidence presented at trial showed that Petitioner was merely attempting to commit "larceny by trick" and not attempting to commit robbery in the second degree. (Dkt. No. 26.)

Generally, in his response to Petitioner's Objections, Respondent asserts two arguments: (1) in his first objection (regarding his fifth claim), Petitioner confuses the *exhaustion* requirement for claims brought in federal habeas proceedings with the *preservation* requirement for claims brought in direct state-court appeals (and, while Petitioner indeed preserved the claim for direct state-court appeal, he in fact failed to assert that claim on that direct appeal, and thus the Appellate Division had no occasion to decide that claim, rendering it unexhausted for federal habeas purposes); and (2) Petitioner's second and third objections merely repeat arguments that he asserted in his petition and underlying memorandum of law (and must be rejected for the reasons stated in both Respondent's underlying opposition memorandum of law and Magistrate Judge Stewart's Report-Recommendation). (Dkt. No. 27.)

Generally, in reply to Respondent's response, Petitioner argues that, although he failed to assert his fifth claim on direct appeal, that fact was due to the failure of his prior appellate counsel (which gives rise to an ineffective-of-appellate-counsel claim), and he has asserted that ineffective-of-appellate-counsel claim in a coram nobis motion (which should have stopped Magistrate Judge Stewart from issuing his Report-Recommendation). (Dkt. Nos. 28, 29.)

## II.   APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*,

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b),

---

[3]  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   ANALYSIS**

Because Petitioner asserts no specific challenge to the Report-Recommendation's findings of fact and conclusions of law regarding the first and fourth claims asserted in Petitioner's Petition, the Court reviews those portions of the Report-Recommendation for only clear error. *See, supra,* Part II of this Decision and Order.  Similarly, because Petitioner's second and third objections merely repeat arguments asserted in his underlying memorandum of law submitted to Magistrate Judge Stewart (*compare* Dkt. No. 26, at 8-11 *with* Dkt. No. 1, Attach. 1, at 24-43, 54-61), the Court reviews those portions of the Report-Recommendation for only clear error. *See, supra,* Part II of this Decision and Order.   Having done so, the Court can find no such error in those portions of the Report-Recommendation.  As a result, they are accepted and adopted for the reasons stated therein.  (Dkt. No. 23, at Parts I and III.)

With regard to Petitioner's remaining challenge to the Report-Recommendation's findings of fact and conclusions of law regarding the fifth claim asserted in Petitioner's Petition (alleging that the trial court improperly failed to discharge "grossly unqualified" sworn jurors),

---

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

the Court has trouble finding that this challenge is not also a mere repetition of arguments asserted in his underlying memorandum of law submitted to Magistrate Judge Stewart. (*Compare* Dkt. No. 26, at 4-7 and Dkt. No. 29 *with* Dkt. No. 1, Attach. 1, at 43-54, 62-68.) In any event, even if the Court were to subject this portion of the Report-Recommendation to de novo review, the Court would find that it survives that review: Magistrate Judge Stewart employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (Dkt. No. 23, at 2-6, 11-14.) As a result, the Court accepts and adopts this portion of Report-Recommendation in its entirety for the reasons stated therein, as well as the reasons stated in Respondent's response to Petitioner's Objections. (*Id.*; Dkt. No. 27.)

To those reasons, the Court would add only that, as indicated by Respondent, the Second Circuit has indeed held that asserting a claim of ineffective assistance of appellate counsel does not exhaust the underlying constitutional claim that counsel is alleged to have failed to assert. *See Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001) ("The only constitutional claim Turner was permitted to raise in seeking a writ of error coram nobis was ineffective assistance of appellate counsel, a claim that is distinct from claims (1) and (2) in procedural terms under state law and in their federal constitutional sources. A court considering ineffective assistance might never reach the underlying constitutional claims, and the rejection of the ineffective assistance claims without detailed comment does not bespeak any necessary ruling on the underlying constitutional claims.").

For all of these reasons, the Report-Recommendation is accepted and adopted in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 23) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that <u>a certificate of appealability shall not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2)</u>.

Dated: February 26, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge